[Cite as *State v. Lister*, 2014-Ohio-1405.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 13CA15 |
| v. | : | |
| | : | <u>DECISION AND</u> |
| TRAVIN M. LISTER, | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | Released: 03/27/14 |

<u>APPEARANCES:</u>

Jeremiah J. Spires, Lancaster, Ohio for Appellant.

Judy C. Wolford, Pickaway County Prosecuting Attorney, Circleville, Ohio for Appellee.

Hoover, J.:

{¶ 1} Appellant herein and defendant below, Travin M. Lister, appeals his sentence from the Pickaway County Court of Common Pleas. A jury found appellant guilty of Burglary, a second degree felony, in violation of R.C. 2911.12(A)(2), and Theft, a fifth degree felony, in violation of R.C. 2913.02(A)(1). The trial court merged the theft charge with the burglary charge and sentenced appellant to a prison term of eight years. Appellant contends that the trial court erred when it sentenced him to the statutory maximum sentence. For the following reasons, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.

Appellant Travin M. Lister sets forth the following assignment of error:

THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S

CONCLUSION THAT MR. LISTER COMMITTED THE WORST

FORM OF THE OFFENSE OF BURGLARY; THIS COURT SHOULD

REVERSE THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM

SENTENCE AS TO HIS CONVICTION.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On January 20, 2013, at approximately 2:40 A.M., Darl Reynolds noticed

two hooded individuals outside his home on his home video surveillance system.

Reynolds noticed the two individuals coming up from the basement carrying multiple

items. The individuals were carrying a flat screen television, a monitor, and a silver case.

They also picked up an air compressor from the garage. Reynolds described his basement

as being at the bottom of a flight of stairs inside the garage. Reynolds's son, Jonathan

Reynolds, has a bedroom in the basement.

{¶ 3} After seeing the individuals on the security screen, Reynolds ran out of his

house as a waiting car picked up the two individuals. A car chase ensued as Reynolds

followed the individuals in his truck, at a speed well over one hundred miles per hour.

The car eventually stopped in a parking lot by an office building. The two hooded

individuals exited the vehicle and ran away from the scene. The driver of the car pulled

into a nearby alley and left the items taken from Reynolds's house in the alley. Reynolds

continued to follow the car until a sheriff stopped the vehicle at an intersection. The

officer questioned the female driver, Brenda Evans, and Reynolds.

{¶ 4} Appellant, Travin M. Lister, and Terrence Dukes were later apprehended as

suspects in this case. Detective Strawser of the Pickaway County Sheriff's office

interviewed appellant at approximately 6:00 a.m. that same morning. According to

Detective Strawser, appellant indicated that Reynolds's son Jonathan gave him

permission to borrow the television and the computer monitor. Appellant also claimed

that he took the air compressor to pump up a tire on his vehicle. At trial, Jonathan Reynolds testified that he and appellant were on and off again close friends for the last ten years. Jonathan denied giving permission to appellant to enter his bedroom unaccompanied by Jonathan.

{¶ 5} On February 8, 2013, appellant was indicted for one count Burglary, a second degree felony, in violation of R.C. 2911.12(A)(2) and one count Theft, a fifth degree felony, in violation of R.C. 2913.02(A)(1). The case proceeded to trial on May 9, 2013. The jury returned guilty verdicts on both counts. The trial court merged the theft offense with the burglary offense and sentenced appellant to eight years in prison. Appellant timely filed this appeal on June 10, 2013.

{¶ 6} In his sole assignment of error, appellant argues that the trial court erred in sentencing him to the statutory maximum sentence of eight years. He contends that since all the property was recovered and no injury or threat was claimed in this case, the record does not support the trial court's imposition of the sentence. Appellant argues that the trial court abused its discretion and this case should be remanded back to the trial court for resentencing. Appellee, the State of Ohio, argues that the trial court followed the requirements set forth in R.C. 2929.12 and did not err when it sentenced appellant to the maximum term of imprisonment.

STANDARD OF REVIEW

{¶ 7} This Court, in its principal opinion, recently declined to review a felony sentence under the two-step approach first declared in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *See State v. Bever*, 4th Dist. Washington No. 13CA21,

2014-Ohio-600, ¶¶ 8-13.[1] Rather, the principal opinion applied the standard set forth in R.C. 2953.08. Several other Ohio appellate courts have abandoned the *Kalish* approach, and now review felony sentences in accordance with R.C. 2953.08. *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 9 (1st Dist.) ("Thus, henceforth, we will apply the statutory standard rather than the *Kalish* plurality framework to our review of felony sentences."); *State v. Worth,* 10th Dist. Franklin No. 10AP–1125, 2012–Ohio–666, ¶ 83 (the court applied the statutory test and noted that, as a plurality opinion, *Kalish* is of limited precedential value); *State v. Rodeffer*, 2nd Dist. Montgomery Nos. 25574, 25575, & 25576, 2013-Ohio-5759, ¶ 29 ("In order to be consistent with the approach of other Ohio appellate districts that have already considered this issue in light of H.B. No. 86, we will no longer apply the two-part test in *Kalish* when reviewing felony sentences controlled by H.B. 86. From now on we will use the standard of review set forth in R.C. 2953.08(G)(2)."); *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7 ("Accordingly, we find that the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences."); *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6 ("[F]rom this day forward, rather than continue to apply the two-step approach as provided by *Kalish,* we find 'the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences.' "); *State v. Fletcher*, 3rd Dist. Auglaize No. 2-13-02, 2013-Ohio-3076, ¶ 14 (utilizing R.C. 2953.08 to review a trial court's imposed sentence.); *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶¶ 10, 16 ("Given recent legislative action in Ohio, culminating in the passage of a new statute directly addressing appellate court felony sentence review and a growing

---

[1] But see the concurring opinion of Harsha, J., in which Judge William H. Harsha suggests that the *Kalish* approach may still be appropriate in certain circumstances. See also Judge Matthew W. McFarland's vote in the case, in which he concurred in judgment only.

body of recent appellate cases applying the new statutory parameters, we are no longer utilizing the former *Kalish* approach. *** Based upon all of the foregoing, we now likewise apply the statutory standard of review rather than the former *Kalish* approach to our review of felony sentences."). R.C. 2953.08(D)(3) provides that "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section."

{¶ 8} R.C. 2953.08(G)(2) provides that:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 9} Under R.C. 2953.08(G)(2), we may only modify or vacate a defendant's sentence if we find, clearly and convincingly, that (1) the record does not support the

mandatory sentencing findings, or (2) that the sentence is "otherwise contrary to law."

We recognize that this is an "extremely deferential standard of review." *Venes*, 2013-

Ohio-1891, 992 N.E.2d 453, at ¶ 21. Although *Kalish* may not provide the standard of

review framework for reviewing felony sentences, it does provide guidance for

determining whether a sentence is clearly and convincingly contrary to law. *See State v.*

*Lee*, 12th Dist. Butler No. CA2012-09-182, 2013-Ohio-3404, ¶ 10. According to *Kalish*,

a sentence is not clearly and convincingly contrary to law when the trial court considered

the purposes and principles set forth in 2929.11, as well as the factors listed in R.C.

2929.12, properly applies post release control, and sentences within the permissible

statutory range. *Id.*; *See also Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d

124 at ¶ 18.

                                        ANALYSIS

{¶ 10} This appeal concerns the imposition of a maximum sentence; thus our

review is governed by R.C. 2953.08(G)(2)(b). Here, we are not focused on any

mandatory sentencing findings, referred to in R.C. 2953.08(G)(2)(a), since maximum

sentences do not require specific findings. *White*, *supra*, ¶ 7. Therefore, we review

appellant's maximum sentence to determine if it is clearly and convincingly contrary to

law.

{¶ 11} The trial court sentenced appellant to eight years in prison for the offense

of burglary, a second degree felony. Under R.C. 2929.14(A)(2), the range of statutory

prison terms for a second degree felony is two to eight years. Thus, the trial court

imposed a sentence within the statutory range, albeit the maximum term of eight years.

At sentencing the trial court judge stated, on the record, that the court considered the

factors in R.C. 2929.12 and also the principles under sentencing under R.C.2929.11. The trial court's sentencing entry also states: "The Court has considered the record, oral statements, and any victim impact statements, as well as the principles and purposes of sentencing under ORC Section 2929.11, and has balanced the seriousness and recidivism factors under ORC Section 2929.12." The trial court also notified appellant that he would be subject to post release control for up to three years.

{¶ 12} Appellant argues that factors that have justified maximum sentences, such as serious harm to the victim, threatening the victim with a knife or other deadly weapon, and inflicting serious financial or irreparable personal loss, are not present in this case. Appellant cites to three different cases: *State v. Franklin*, 5th Dist. Stark No. 2003CA00442, 2004-Ohio-5398 (serious harm to the victim), *State v. McLaughlin,* 8th Dist. Cuyahoga No. 83149, 2004-Ohio-2334 (threatening victim with a knife or other deadly weapon), and *State v. Messer,* 5th Dist. Licking No. 2005-CA-00035, 2005-Ohio 5941. However, appellant also acknowledges that he does not qualify for a minimum sentence due to his prior criminal offenses and incarceration.

{¶ 13} With respect to appellant's argument, our inquiry does not focus on a case by case comparison but rather the trial court's proper application of the statutory sentencing guidelines. *See State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669*,* ¶ 15; *State v. Isreal*, 12th Dist. Butler No. CA2010-07-170, 2011-Ohio-1474, ¶ 72. Furthermore, " 'a defendant claiming inconsistent sentencing must show the trial court failed to properly consider the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12.' " *Stamper* at ¶ 15, quoting *Isreal* at ¶ 72. " 'When sentencing

an offender, each case stands on its own unique facts.' " *Stamper* at ¶ 15, quoting *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 58.

{¶ 14} Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

H.B. 86 amended R.C. 2929.11, which now states:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 15} "However, there is still no 'mandate' for the sentencing court to engage in any factual findings under R.C. 2929.11 or R.C. 2929.12." *State v. Jones,* 12th Dist. Butler No. CA2012–03–049, 2013–Ohio–150, ¶ 49, citing *State v. Rose,* 12th Dist. Butler No. CA2011–11–214, 2012–Ohio–5607, ¶ 78; *State v. Putnam,* 11th Dist. Lake No.2012–L–026, 2012–Ohio–4891, ¶ 9. "Rather, the trial court still has discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Jones* at ¶ 49; *See* R.C. 2929.12 (which provides a nonexhaustive list of

factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses).

{¶ 16} During its imposition of sentence, the trial court based its decision on the time in which the offense was committed, the relationship between the appellant and the victim, and the fact that appellant was on probation in two counties when the offense occurred. The trial court stated: "I find that you committed the worst form of this offense as indicated by virtue of the fact the hour it was committed, the relationship of the victim, the recidivism factors are completely against him in the sense that he's on probation in two places when this occurred, and he had a prior criminal history***." At the sentencing hearing, the trial court made record of appellant's prior criminal history, which included burglary, receiving stolen property, and two theft offenses from separate counties.

{¶ 17} The trial court imposed a sentence within the appropriate definite prison term pursuant to R.C. 2929.14. The record reflects that the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. We find that the trial court complied with all applicable rules and statutes. Therefore, the trial court's sentence is not clearly and convincingly contrary to law.

{¶ 18} Accordingly appellant's sole assignment of error is overruled and the judgment of the Pickaway County Court of Common Pleas is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.: Concur in Judgment Only.

For the Court

By:_____
         Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.