[Cite as *State v. Milner*, 2015-Ohio-5005.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 15CA3 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| SCOTT A. MILNER, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 11/24/15** |

_____

APPEARANCES:

Brian A. Smith, Barberton, Ohio, for Appellant.

James W. Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

McFarland, A.J.

{¶1} Scott Milner appeals his conviction in the Washington County Court of Common Pleas after he pled guilty to robbery, a violation of R.C. 2911.02(A)(3)&(B), a felony of the third degree, and disrupting public service, a violation of R.C. 2909.04(A)(1)&(C), a felony of the fourth degree. Appellant contends: (1) the record does not support a maximum sentence on each count; and, (2) the record does not support the trial court's imposition of consecutive sentences. Upon review, we find Appellant's maximum sentence on each count was not contrary to law, nor was the

sentence contrary to law because the trial judge imposed a consecutive sentence. Accordingly, we overrule both assignments of error and affirm the judgment of the trial court.

## FACTS

{¶2} On September 25, 2014, Appellant was indicted as follows:

1) One count of aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(1)(2)&(C);

2) One count of robbery, a felony of the second degree in violation of R.C. 2911.02(A)(1)(2)&(B);

3) One count of robbery, a felony of the third degree in violation of R.C. 2911.02(A)(3)&(B); and,

4) One count of disrupting public services, a felony of the fourth degree in violation of R.C. 2909.04(A)(1)&(C).

{¶3} The indictments arose from Appellant's actions on August 29, 2014 when he entered a liquor store in Marietta, Ohio, threatened two female store employees with what they believed to be a handgun, and stole approximately $2,000.00 cash and cigarettes. During the course of his actions, which were captured on the store's surveillance video, Appellant grabbed one of the employees' cell phone, threw it on the ground and stomped on it. Appellant fled the scene but was apprehended within a few hours.

{¶4} Appellant eventually reached a plea agreement with the State of Ohio wherein the State would dismiss counts one and two if Appellant pled guilty to count three, third-degree robbery, and count four, disrupting public services. Appellant changed his former pleas of not guilty on November 4, 2014. On December 17, 2014, the trial court sentenced Appellant to 36 months of incarceration on the robbery charge and 18 months of incarceration on the disrupting public services' charge. These were the maximum sentences on each charge. The trial court also sentenced Appellant to serve the terms consecutively.

{¶5} This timely appeal followed. Where relevant, additional facts are set forth below.

## ASSIGNMENTS OF ERROR

"I. THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S IMPOSITION OF MAXIMUM SENTENCES, ON EACH COUNT, UPON APPELLANT.

"II. THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES UPON APPELLANT."

### A. STANDARD OF REVIEW FOR FELONY SENTENCES

{¶6} In *State v. Brewer,* 2014-Ohio-1903, 11 N.E.3d 317, we recently held that when reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Pulliam,* 4th Dist. Scioto No.

14CA3609, 2015-Ohio-759, ¶ 5; *Brewer* at ¶ 33 ("we join the growing number of appellate districts that have abandoned the *Kalish* plurality's two-step abuse-of-discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated '[t]he appellate court's standard of review is not whether the sentencing court abused its discretion' "). See also *State v. Graham,* 4th Dist. Highland No. 13CA11, 2014-Ohio-3149, ¶ 31. R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law." *Pulliam, supra.*

## B.  LEGAL ANALYSIS

### 1.  Assignment of Error One - Maximum Sentences

**{¶7}** In analyzing whether a sentence is contrary to law, "[t]he only specific guideline is that the sentence must be within the statutory range[.]" *State v. Sims*, 4th Dist. Gallia No. 10CA17, 2012-Ohio-238, quoting *State v. Welch,* 4th Dist. Washington No. 08CA29, 2009-Ohio-2655, ¶ 7, quoting *State v. Ross,* 4th Dist. Adams No. 08CA872, 2009-Ohio-877, ¶ 10. Maximum sentences do not require specific findings. *State v. Losey*, 4th

Dist. Washington No. 14CA11, 2015-Ohio-285, ¶ 14, citing *State v. Lister,*

4th Dist. Pickaway No. 13CA15, 2014-Ohio-1405, ¶ 10, citing *State v.*

*White,* 2013-Ohio-4225, 997 N.E.2d 629, (1st Dist.), ¶ 7.  Although trial

courts have full discretion to impose any term of imprisonment within the

statutory range, they must consider the sentencing purposes in R.C. 2929.11

and the guidelines contained in R.C. 2929.12. *Losey, supra; Lister, supra,* at

¶ 14.  H.B. 86 amended R.C. 2929.11, which states:

> "(A) A court that sentences an offender for a felony shall be
> guided by the overriding purposes of felony sentencing.  The
> overriding purposes of felony sentencing are to protect the
> public from future crime by the offender and others and to
> punish the offender using the minimum sanctions that the court
> determines accomplish those purposes without imposing an
> unnecessary burden on state or local government resources.  To
> achieve those purposes, the sentencing court shall consider the
> need for incapacitating the offender, deterring the offender and
> others from future crime, rehabilitating the offender, and
> making restitution to the victim of the offense, the public, or
> both." *Losey, supra,* at ¶ 15.

{¶8}  R.C. 2929.12, seriousness of crime and recidivism, also

provides a non-exhaustive list of factors a trial court must consider when

determining the seriousness of the offense and the likelihood that the

offender will commit future offenses. *Lister, supra,* at ¶ 15.

{¶9}  Appellant was sentenced to 36 months on count three, robbery,

R.C. 2911.02(A)(3).  Pursuant to R.C. 2911.02(B), robbery is a felony of the

third degree.  Further, pursuant to R.C. 2929.14(A)(3)(b), the sentence for a

third degree felony is 36 months.  On the fourth degree felony, disrupting

public services, Appellant was sentenced to 18 months, pursuant to R.C.

2929.14(A)(4).  These sentences, although maximum, were in the statutory

range.

{¶10}  In addition to Appellant's maximum sentences being within the

statutory range, the trial court stated:

> "This Court has considered the record, the oral statements made
> in open court this date, the victim statement and the pre-
> sentence investigation report and the principles and purposes of
> sentencing, set forth in 2929.11 and the seriousness and
> recidivism factors, set forth in 2929.12 of the Ohio Revised
> Code."

{¶11}  As such, the record reveals that the trial court considered the

principles and purposes under R.C. 2929.11.  The trial court further stated:

> "Now, as far as factors that the Court is now required to review.
> Factors.  Making recidivism more likely, it's, according to the
> State Legislature, this gentleman has a prior history of juvenile
> and adult convictions.  He's failed to respond in the past to
> sanctions imposed for criminal convictions.  There is a
> demonstrated pattern of alcohol abuse related to this offense.
> Those making recidivism more likely.  Making recidivism less
> likely, none of those are present.
>
> * * *
>
> Seriousness factors.  The victim did suffer economic harm as a
> result of it, and continues to, per his statements this morning.
> Less serious, none of those are present.
>
> * * *

Violence factors, there was an actual threat of physical harm.
* * * So there was a threat. He has served prior prison terms.

* * *

Now I'm required to look at his prior record. Mr. Milner, I did
some math on this, which I usually- - it was so astounding to
me, your record. You've been an adult, if I compute this right,
for 31 years. In 31 years as an adult, if I compute this right, to
garner 46 criminal convictions, seven of which are felonies.
You've also, in addition to that, had two probation violations
and four contempts of court."

{¶12} At this point, the trial court went through Appellant's record of

convictions, chronologically. The trial court noted a pattern of alcohol abuse

was a significant factor over the years. When the judge concluded, he

further stated:

"[T]he Court makes the finding under 2929.11 that Mr. Milner
is not amenable to community control and prison is consistent
with the purposes of 2929.11. He has a prior felony conviction,
so that overrides the presumption for community control.

* * *

So, he is sentenced on the Count 3, the third degree felony,
robbery, to 36 months. He is sentenced on the disrupting public
service, fourth degree felony, to 18 months. * * * These are the
maximum sentences."

{¶13} The record further reflects the trial court balanced the

seriousness and recidivism factors under R.C. 2929.12, and provided some

reasoning for finding that maximum sentences were appropriate.

{¶14} Here, the trial court imposed a sentence within the appropriate

definite prison term pursuant to R.C. 2929.14.  The trial court also

considered the principles and purposes of felony sentencing under R.C.

2929.11, and the seriousness and recidivism factors under R.C. 2929.12.

The record supports the imposition of a maximum sentence on each count.

Pertaining to Appellant's maximum sentence, we find that the trial court

complied with all applicable rules and statutes.  Therefore, the trial court's

sentence is not clearly and convincingly contrary to law.

        2.  Assignment of Error Two - Consecutive sentences

        **{¶15}**  R.C. 2929.14(C)(4) sets forth certain findings that a trial court

must make prior to imposing consecutive sentences. *Pulliam, supra,* at ¶ 6,

citing *State v. Black,* 4th Dist. Ross No. 12CA3327, 2013-Ohio-2105, ¶¶ 56-

57.  That is, under Ohio law, unless the sentencing court makes the required

findings set forth in R.C. 2929.14(C)(4), there is a presumption that

sentences are to run concurrently. *State v. Bever,* 4th Dist. Washington No.

13CA21, 2014-Ohio-600, ¶ 15; citing *Black* at ¶ 56; R.C. 2929.41(A).

Under R.C. 2929.14(C)(4), a sentencing court must engage in a three-step

analysis and make certain findings before imposing consecutive sentences.

*Bever* at ¶ 16; *Black,* at ¶ 57; *State v. Clay,* 4th Dist. Lawrence No. 11CA23,

2013-Ohio-4649, ¶ 64; *State v. Howze,* 10th Dist. Franklin Nos. 13AP-386

& 13AP-387, 2013-Ohio-4800, ¶ 18.  Specifically, the sentencing court must

find that (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of the following:

> "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." *Bever, supra*, at ¶ 16; R.C. 2929.14(C)(4).

{¶16}  While the sentencing court is required to make these findings, it is not required to give reasons explaining the findings. *Pulliam, supra,* at 7; *Bever, supra*, at ¶ 16; *Howze* at ¶ 18; *State v. Stamper,* 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 23.  R.C. 2929.14 clearly states the trial court may impose a consecutive sentence if it "finds the statutorily enumerated factors." *State v. Williams,* 5th Dist. Licking No. 11-CA-115, 2012-Ohio-3211, ¶ 47.  Furthermore, the sentencing court is not required to

recite any "magic" or "talismanic words" when imposing consecutive sentences. *Bever, supra*, at ¶ 17; *Clay* at ¶ 64; *Howze* at ¶ 18; *Stamper* at ¶ 23. However, it must be clear from the record that the sentencing court actually made the required statutory findings. *Bever* at ¶ 17; *Clay* at ¶ 64; *Howze* at ¶ 18; *Stamper* at ¶ 23. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bever* at ¶ 17; *Stamper* at ¶ 23; *State v. Nia,* 8th Dist. Cuyahoga No. 99387, 2013-Ohio-5424, ¶ 22. The findings required by the statute must be separate and distinct findings; in addition to any findings relating to the purposes and goals of criminal sentencing. *Bever* at ¶ 17; *Nia* at ¶ 22.

{¶17} As recited above, the trial court stated at sentencing:

"I also believe that consecutive sentences are necessary to
protect the public from future crime and to punish Mr. Milner.
They're not disproportionate to the seriousness of his conduct
or the danger he poses to the public. His history of criminal
conduct demonstrates that consecutive sentences are necessary
to protect the public from future crime by him."

{¶18} The sentencing transcript reflects that the trial court explicitly made the required findings for consecutive sentences pursuant to R.C. 2929.14(C)(4)(1) and 2929.14(C)(3)(a). The record here supports the imposition of consecutive sentences. Appellant's consecutive sentence is also not clearly and convincingly contrary to law.

3. Conclusion

{**¶19**}  When sentencing an offender, each case stands on its own unique facts. *State v. McClain,* 4th Dist. Pickaway No. 13CA17, 2014-Ohio-4192, ¶ 38, citing *Lister, supra*, at ¶ 13 citing *State v. Stamper,* 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 15, quoting *State v. Mannarino,* 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 58.  Here, the record reflects the trial court considered all the factors required of the applicable statutes.  In particular, the trial court discussed at length Appellant's pattern of alcohol abuse, the fear of physical threat experienced by the victims in the case, and Appellant's lengthy prior record.  For the foregoing reasons, we find the record supports Appellant's maximum and consecutive sentences.  As such, we overrule both assignments of error and affirm the judgment of the trial court.

                                                    **JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland,
Administrative Judge

## NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**