[Cite as *State v. Dawson*, 2018-Ohio-1157.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                         :

    Plaintiff-Appellee,                :         Case No. 17CA8

v.                                     :

                                        DECISION AND
DWAYNE C. DAWSON,                      :         JUDGMENT ENTRY

    Defendant-Appellant.               :         RELEASED 03/23/2018

**APPEARANCES:**

Matthew L. O'Leary, Circleville, Ohio, for defendant-appellant.

Judy C. Wolford, Pickaway County Prosecuting Attorney, and Heather MJ Armstrong, Pickaway County Assistant Prosecuting Attorney, Circleville, Ohio, for plaintiff-appellee.

Hoover, P.J.

{¶1}     This is an appeal from a judgment of conviction and sentence entered by the Pickaway County Court of Common Pleas following a guilty plea by Dwayne C. Dawson ("Dawson"), appellant herein, to one count of involuntary manslaughter and one count of trafficking in heroin. On appeal, Dawson contends that his sentence was clearly and convincingly contrary to law. Specifically, Dawson claims that the record does not support the trial court's consideration of R.C. 2929.11 and R.C. 2929.12.

{¶2}     For the reasons discussed more fully below, we overrule Dawson's sole assignment of error and affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶3}    In June 2016, the Pickaway County Grand Jury returned an indictment charging Dawson with one count of involuntary manslaughter, in violation of R.C. 2903.04(A), a felony of the first degree, and one count of trafficking in heroin, in violation of R.C. 2925.03(A)(1)/(C)(6)(a), a felony of the fifth degree. In August 2016, Dawson pleaded not guilty at his arraignment.

{¶4}    The charges stemmed from the death of Jessica Lillie, a twenty-seven year old woman. Jessica had been in an accident for which a doctor prescribed pain killers. She had become addicted to the pills; and when they ran out, she did heroin. On the evening of the crime, Dawson had left a dose of heroin outside of Jessica's home for her to retrieve. Early the next morning, Jessica was found cross-legged on the floor, dead.

{¶5}    In December 2016, the matter was scheduled for a jury trial. On the day of trial, the parties presented the trial court with a "Petition to Enter Plea of Guilty." Dawson petitioned the trial court to accept his pleas of guilty to the two counts of the indictment. The petition specified that the maximum penalty for the involuntary manslaughter charge was eleven years; and the maximum penalty for the trafficking in heroin charge was twelve months. Although the petition specifically stated that the State would recommend a three year sentence, the petition, that Dawson executed, also stated:

> I also understand that if I plead "Guilty" to the charges against me, the Court may impose the same punishment as if I had plead "Not Guilty," stood trial and had been convicted by a jury.

{¶6}    The trial court accepted the guilty pleas to both counts, entered a finding of guilt, and passed the case for sentencing until such time that the pre-sentence investigation report could be completed and reviewed.

{¶7}    In March 2017, Dawson was sentenced. Although the State had recommended a sentence of three years in the Ohio Department of Rehabilitation and Corrections, the trial court sentenced Dawson to eleven years on the offense of involuntary manslaughter and twelve months on the offense of trafficking in heroin. The sentences were ordered to run concurrent with one another.

{¶8}    Dawson appealed his conviction.

## II. Assignment of Error

{¶9}    Dawson assigns the following error for our review:

APPELLANT'S SENTENCE WAS CLEARLY AND CONVINCINGLY
CONTRARY TO LAW.

## III. Law and Analysis

### A. Standard of Review

{¶10}   The standard of review for reviewing felony sentences is set forth in R.C. 2953.08(G)(2). *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence or may vacate the sentence and remand the matter to the sentencing court if it clearly and convincingly finds either:

(a) That the record does not support the sentencing court's findings under

division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section

2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if

any, is relevant;

(b) That the sentence is otherwise contrary to law.

### B. Dawson's Sentence is Not Clearly and Convincingly Contrary to Law

{¶11}  Dawson claims that his sentence is clearly and convincingly contrary to law because the "record does not support the trial court's required consideration of R.C. 2929.11 and R.C. 2929.12." Dawson also claims that the "record does not support the court's findings and imposition of a maximum sentence."

{¶12}  Because maximum sentences do not require specific findings referenced in R.C. 2953.08(G)(2)(a), we focus on subpart (b) of that section to determine if the sentence is otherwise contrary to law. *See State v. Farnese,* 4th Dist. Washington No. 15CA11, 2015–Ohio–3533, ¶ 5; *State v. Lister,* 4th Dist. Pickaway No. 13CA15, 2014–Ohio–1405, ¶ 10. When we analyze whether a sentence is contrary to law, " '[t]he only specific guideline is that the sentence must be within the statutory range [.]' " *State v. Sims,* 4th Dist. Gallia No. 10CA17, 2012–Ohio–238, ¶ 11, quoting *State v. Welch,* 4th Dist. Washington No. 08CA29, 2009–Ohio–2655, ¶ 7, quoting *State v. Ross,* 4th Dist. Adams No. 08CA872, 2009–Ohio–877, ¶ 10.  The trial court must also consider the overriding principles of R.C. 2929.11 and R.C. 2929.12 before imposing a sentence.

{¶13}  R.C. 2929.11(A) states:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall

consider the need for incapacitating the offender, deterring the offender and others

from future crime, rehabilitating the offender, and making restitution to the victim

of the offense, the public, or both.

{¶14}  R.C. 2929.12 also provides a non-exhaustive list of factors a trial court must

consider when determining the seriousness of the offense and the likelihood that the offender

will commit future offenses. *State v. Milner*, 4th Dist. Washington No. 15CA3, 2015-Ohio-5005,

¶ 8, citing *Lister, supra,* at ¶ 15.

{¶15}  Here, the trial court stated prior to sentencing Dawson:

THERE'S A PERSON WHOSE LIFE HAS BEEN LOST BECAUSE OF

YOUR CONDUCT. TO ME IT'S NEXT TO A MURDER CASE, OKAY.

THAT'S HOW SERIOUS THIS IS. I KNOW IT'S NOT MURDER, YOU'RE

NOT CHARGED WITH MURDER, OTHERWISE YOU WOULD BE

LOOKING AT BEING IN PRISON FOR LIFE. BUT YOU TOOK A LIFE.

AND HERE'S WHAT I READ, AND THIS JUST SETS ME OFF. THIS IS HER

FATHER, APPARENTLY TO THE RESPONDING OFFICER.

"UPON MY ARRIVAL I SPOKE WITH THE REPORTEE AND

FATHER OF THE VICTIM JAY LILLE [SIC]. MR. LILLE [SIC] ADVISED

THAT AROUND 5:39 A.M. ON TODAY'S DATE HE WENT TO THE

VICTIM'S ROOM TO CHECK ON HER AS HE DOES EVERY MORNING

PRIOR TO GETTING READY FOR WORK." HERE'S A WORKING MAN

5:39 A.M. IN THE MORNING CHECKING ON HIS DAUGHTER. NOW

THAT'S RESPONSIBLE. "HE WAS UNABLE TO GET THE DOOR OPEN

AND HAD TO FORCE THE DOOR OPEN. MR. LILLE [SIC] FOUND THAT

THE VICTIM HAD USED A WALKING CANE TO KEEP THE DOOR SHUT.
MR. LILLE [SIC] SAW HIS DAUGHTER SITTING CROSS LEGGED ON
THE FLOOR WITH HER HEAD DOWN ON THE FLOOR. MR. LILLE [SIC]
ADVISED THAT HE ATTEMPTED TO MOVE HIS DAUGHTER AND FELT
THAT SHE WAS COLD. HE WAS UNABLE TO PICK HER UP SO HE
REQUESTED HIS BROTHER LOWELL LILLE [SIC] COME HELP HIM. MR.
LILLE AND HIS BROTHER PICKED THE VICTIM UP AND CARRIED HER
INTO THE LIVING ROOM. MR. LILLE [SIC] ADVISED THAT THE
VICTIM'S SEVEN-YEAR OLD AYDEN WAS STILL ASLEEP IN THE BED
AND MR. LILLE WAS WORRIED ABOUT HIM WAKING UP AND SEEING
THE VICTIM DECEASED ON THE FLOOR."

NOW THAT'S PROBABLY ETCHED IN HIS MIND THE REST OF
HIS LIFE. PEOPLE SAY I'M SORRY, I DIDN'T MEAN FOR THAT TO
HAPPEN, WHAT DO YOU THINK IS GOING TO HAPPEN? DO YOU SEE
WHAT'S GOING ON IN ROSS COUNTY? THOSE PEOPLE DOWN THERE
ARE GETTING HEROIN THAT'S LACED WITH FENTANYL THAT'S
KILLING THEM LIKE FLIES. YOU PEOPLE, YOU JUST AMAZE ME. TO
BRING THIS POISON AROUND AND SPREAD IT AROUND AND GET
CAUGHT. YOU GOT CAUGHT. SO YOU'RE GOING TO PAY THE PRICE.
LET THE MESSAGE GO OUT, YOU DO THIS STUFF IN PICKAWAY
COUNTY AND YOU KILL THESE PEOPLE, YOU GO TO PRISON. YOU'VE
BEEN THERE BEFORE, OUR PATHS HAVE CROSSED BEFORE.

I READ THE PRESENTENCE INVESTIGATION. I SENT YOU TO PRISON FOR NINE MONTHS BACK IN 2002 ON ASSAULT ON A PEACE OFFICER. I REMEMBER THAT CASE. THAT'S ANOTHER CRIME THAT SETS ME OFF, IS WHEN PEOPLE ASSAULT POLICE OFFICERS. AND YOU DID THAT AND YOU DID NINE MONTHS FOR THAT. I WOULD THINK AT THAT POINT IN TIME, MR. DAWSON, THAT YOU WOULD THINK HEY, IF I'M GOING TO LIVE IN PICKAWAY COUNTY, MAYBE I OUGHT TO STRAIGHTEN UP BECAUSE THIS JUDGE AIN'T GOING TO PUT UP WITH IT, BUT YOU DIDN'T.

AND THEN YOU GOT ALL THESE POSSESSION OF DRUGS, AN F-5, WHICH STARTED OUT AS AN F-5 IN MUNICIPAL COURT. THE LAW DIRECTOR, FOR WHATEVER REASON DOWN THERE, DECIDED TO REDUCE IT TO ATTEMPTED  POSSESSION, AN M-1, AND GAVE YOU 120 DAYS IN JAIL AND SUSPENDED IT, $250.00 FINE AND COST, TWELVE MONTHS PROBATION, NOT TO USE DRUGS OF ABUSE. THEN YOU COME BACK IN ON POSSESSION OF DRUGS IN 2012, APPARENTLY OUT OF LICKING COUNTY, SIX MONTHS CONFINEMENT AT ODRC, ONE YEAR LICENSE SUSPENSION, RECEIVED ORIENT CORRECTIONAL INSTITUTION ON 2/5/13; DRUG PARAPHRENALIA 2007 IN MUNICIPAL COURT, $125.00 FINE, OL SUSPENDED 12 MONTHS, GIVES YOU DRIVING PRIVILEGES, AND THEN YOU HAD PETTY THEFT IN '82 AS A JUVENILE, POSSESSION OF MARIJUANA IN 1981 IN JUVENILE COURT. YOU JUST RANG THE BELL

TODAY MR. DAWSON. SO WHEN YOU GET OUT YOU CAN ELECT TO

LIVE HERE IN PICKAWAY COUNTY, OHIO, BUT IF YOU DO THIS KIND

OF STUFF AND YOU GET CAUGHT, DON'T COME IN AND SAY I'M

SORRY, BECAUSE THAT DOESN'T PAY THE PIPER.

{¶16}  The trial court did not follow the State's recommended sentence of three years. Instead, the trial court sentenced Dawson to twelve months on the trafficking in heroin charge and eleven years on the involuntary manslaughter charge. But, Dawson executed the petition to enter guilty plea that specified that he understood that if he pleaded guilty to the charges, the Court may impose the same punishment as if he had pleaded not guilty, stood trial, and had been convicted by a jury.

{¶17}  Moreover, the trial court's sentence on both charges is within the statutory range for sentencing; and the sentences were run concurrent to one another. Furthermore, in Dawson's sentencing entry, the trial court expressly stated that it considered "the criteria set forth in ORC 2929.11 and 2929.12 concerning the imposition of sentence"; and it also considered the presentence investigation report. Although the trial court did not make specific findings concerning the various factors in these statutes, it had no obligation to do so. *State v. Taylor,* 4th Dist. Athens No. 08CA23, 2009–Ohio–3119, ¶ 13, citing *State v. Woodruff,* 4th Dist. Ross No. 07CA2972, 2008–Ohio–967, ¶ 16. Therefore, we reject Dawson's argument.

{¶18}  Dawson does not cite to any other failure of the trial court to comply with other "applicable rules and statutes." We, thus, find that Dawson's maximum sentence is not clearly and convincingly contrary to law. *See State v. Kulchar,* 4th Dist. Athens No. 10CA6, 2015–Ohio–3703, ¶ 47.

{¶19}  Accordingly, we overrule Dawson's sole assignment of error.

**IV. Conclusion**

{¶20}   Having overruled Dawson's assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and McFarland, J.: Concur in Judgment and Opinion.


For the Court


By: _____
        Marie Hoover, Presiding Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**