[Cite as *State v. Ray*, 2018-Ohio-3293.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-33 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-136 |
| | : | |
| WALTER E. RAY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of August, 2018.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

BRENT E. RAMBO, Atty. Reg. No. 0076969, 15 West Fourth Street, Suite 250, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Walter E. Ray appeals his conviction and sentence for one count of felonious assault, in violation of R.C. 2903.11(A)(2)(D)(1)(a), a felony of the second degree, and one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2)(C)(3)(b), a felony of the fourth degree. The felonious assault count was accompanied by a forfeiture specification pursuant to R.C. 2941.1417(A). Ray's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and now seeks leave to withdraw as counsel.

## FACTS and PROCEDURAL HISTORY

{¶ 2} On June 29, 2017, Ray was indicted in the Champaign County Court of Common Pleas on a nine counts, including two counts of felonious assault with firearm specifications; one count of having a weapon while under disability; one count of improperly handling firearms in a motor vehicle; two counts of carrying a concealed weapon; two counts of trafficking in marijuana; and one count of possession of marijuana. At his arraignment on July 5, 2017, Ray pled not guilty to all of the counts contained in the indictment.

{¶ 3} Thereafter, on September 21, 2017, Ray pled guilty to one count of felonious assault without a firearm specification and one count of trafficking in marijuana. Ray also pled guilty to a forfeiture specification attached to the felonious assault charge with respect to a handgun that was used in the commission of the instant offenses. In return for Ray's guilty pleas, the State agreed to dismiss all of the remaining counts with prejudice. After accepting Ray's guilty pleas, the trial court referred the matter for a presentence investigation report ("PSI").

{¶ 4} At Ray's dispositional hearing on October 25, 2017, the trial court sentenced him to seven years in prison for the felonious assault conviction and eighteen months for trafficking in marijuana. The trial court ordered that the sentences be served concurrently for an aggregate prison term of seven years. The trial court also ordered forfeiture of the handgun recovered from Ray and imposed a fine of $1,250.00.

{¶ 5} Based on the belief that no prejudicial error occurred below and that any grounds for appeal would be frivolous, Ray's appellate counsel filed a motion to withdraw pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

### *ANDERS* STANDARD

{¶ 6} *Anders* outlines the procedure counsel must follow to withdraw as counsel due to the lack of any meritorious grounds for appeal. In *Anders*, the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Id.* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Further, counsel must also furnish the client with a copy of the brief, and allow the client sufficient time to file his or her own brief, pro se. *Id.*

{¶ 7} Once the appellant's counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. *Id.* If we determine that the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or we may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 8} In this case, appointed counsel fully complied with the requirements of

*Anders.* Ray has failed to file a pro se brief.

**{¶ 9}** Ray's appointed counsel states in his *Anders* brief that he extensively reviewed the record, including the transcript of the proceedings and the PSI, and concluded that he could not make any meritorious arguments on Ray's behalf. Ray's appointed counsel, however, has presented us with a single potentially meritorious assignment of error for our consideration, to wit:

THE TRIAL COURT ABUSED ITS DISCRETION BECAUSE MR. RAY'S CONDUCT WAS NOT MORE SERIOUS THAN NORMAL AND THE SENTENCE IS UNREASONABLE GIVEN THE CIRCUMSTANCES.

**{¶ 10}** In his single potential assignment, appointed counsel contends that the prison sentence imposed by the trial court was unreasonable because the trial court did not take into account that Ray acted under strong provocation when he shot the victim three times during the commission of an illegal drug sale. *See* R.C. 2929.12(C). Initially, we note that his seven-year sentence is within the applicable statutory range and is less than the maximum sentence of nine and one-half years.

**{¶ 11}** As this Court has previously noted:

"This court no longer applies an abuse of discretion standard when reviewing felony sentences, as the Supreme Court of Ohio has made clear that felony sentences are to be reviewed in accordance with the standard set forth in R.C. 2953.08(G)(2)." *State v. McCoy*, 2d Dist. Clark No. 2016–CA–28, 2016–Ohio–7415, ¶ 6, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 10, 16. Accord *State v. Rodeffer*, 2013–Ohio–5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.) Under the plain language

of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016–CA–33, 2017–Ohio–217, ¶ 7, citing *Rodeffer* at ¶ 31.

Even before *Marcum*, we had indicated "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012–Ohio–5759. Accord *State v. Terrel*, 2d Dist. Miami No. 2014–CA–24, 2015–Ohio–4201, ¶ 14. But "in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. Castle*, 2016–Ohio–4974, 67 N.E.3d 1283, ¶ 26 (2d Dist.). * * *

*State v. Folk*, 2d Dist. Montgomery No. 27375, 2017–Ohio–8105, ¶ 5–6.

{¶ 12} R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court

determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 13} R.C. 2929.12(B) sets forth nine factors indicating an offender's conduct is more serious than conduct normally constituting the offense. R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious. R.C. 2929.12(D) and (E) each list five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record and "whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses."

{¶ 14} In the case at bar, the trial court imposed a sentence and fine within the permissible statutory range. The record establishes that the trial court properly reviewed the PSI, Ray's statements, and the victim impact statement, as well as the statements and memoranda of counsel. The record further establishes that the trial court considered the principles and purposes of sentencing under R.C. 2929.11, and that it balanced the

seriousness and recidivism factors set forth in R.C. 2929.12. We also note that when it imposed sentence, the trial court specifically stated "that in committing the offense the Defendant acted under strong provocation" because the victim was physically attacking Ray before Ray brandished a handgun and shot the victim. Sentencing Tr. 50. Nevertheless, Ray has an extensive juvenile history, a misdemeanor history as an adult, along with a pending warrant for domestic violence. In sum, we are unable to find "by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23. Therefore, in our view, sentence is not contrary to law.

{¶ 15} Additionally, pursuant to our responsibilities under *Anders*, we have conducted an independent review of the entire record, including the pre-sentence investigation report. Having done so, we agree with the assessment of appointed counsel that there are no arguably meritorious issues to present on appeal.

{¶ 16} Therefore, no potential assignments of error with arguable merit having been found, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies mailed to:

Kevin Talebi
Brent E. Rambo
Hon. Nick A. Selvaggio