[Cite as *State v. Allen*, 2021-Ohio-648.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 19CA31 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| CLINT W. ALLEN, | : | |
| | : | **RELEASED: 03/04/2021** |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES</u>:

Judy C. Wolford, Pickaway County Prosecutor, Circleville, Ohio, for Appellee.

Jesse A. Atkins, Columbus, Ohio, for Appellant.
_____

Wilkin, J.

{¶1} This is an appeal from a Pickaway County Court of Common Pleas judgment entry finding Appellant, Clint W. Allen, guilty of grand theft, two counts of grand theft of a motor vehicle, two counts of aggravated robbery, failure to comply with an officer, and failure to stop after an accident.  Appellant asserts the following assignments of error: (1) Appellant's criminal convictions for grand theft, aggravated robbery, failure to comply with a police officer's order, and leaving the scene of a crime were contrary to the provisions of R.C. 2929.11 and R.C. 2929.12; and (2) Appellant's counsel rendered ineffective assistance of counsel during the change of plea and sentencing.  After reviewing the facts of the case and the law, we overrule both of Appellant's assignments or error and affirm the trial court's entry of conviction.

BACKGROUND

{¶2} On December 10, 2018, Appellant stole an AR-15 style semi-automatic rifle from his father and stepmother's home.  He threatened to kill his stepmother and then unsuccessfully attempted to steal one vehicle, but successfully stole a second vehicle and fled in it.  Appellant led officers on a high-speed chase ultimately crashing the vehicle, stole another vehicle and was pursued by a Sheriff's Deputy into Columbus where he crashed in avoiding spike strips deployed by officers.  Appellant was arrested as he attempted to flee the scene on foot.

{¶3} The State charged Appellant with grand theft in violation of  R.C. 2913.02(A)(1), two counts of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) with specifications, two counts of aggravated robbery in violation of R.C. 2911.01(A)(1) with specifications, aggravated burglary in violation of R.C. 2911.11(A)(1) with specifications, felonious assault in violation of R.C. 2903.11(A)(2), failure to comply with the order of a police officer in violation of R.C. 2921.331(B), improper handling firearms in a motor vehicle in violation of R.C. 2923.16(B), and failure to stop after an accident in violation of R.C. 4549.02.

{¶4} Appellant initially pled not guilty.  However, prior to trial, Appellant notified the court that he intended to plead no contest, with a stipulation of guilt, to grand theft, two counts of aggravated robbery each with a specification, two counts of grand theft of a motor vehicle each with a specification, failure to comply with the order of a police officer, and failure to stop after an accident.  In return, the State agreed to dismiss the charges of aggravated burglary with a

specification, felonious assault with a specification, and improper handling of a firearm in a motor vehicle.  After having a colloquy with the Appellant to ensure that his decision was knowing, voluntary, and intelligent, the court accepted his plea and found him guilty.

{¶5} Two months later, the trial court held a sentencing hearing.  The State requested the maximum possible sentence.  Appellant then orally requested to withdraw his plea, which the court denied.  Appellant requested the minimum sentence of nine-years and nine-months.

{¶6} Several victims of Appellant gave statements pertaining to the impact that Appellant's crimes had upon them, including financial loss, anxiety, and sleeplessness.  The judge mentioned that Appellant led police on an 80-mile-per-hour chase, Appellant ran over spike strips causing his vehicle to strike another broadside, and then Appellant exited the vehicle and fled on foot before he was apprehended.  The judge went on to state that he "has considered Appellant's presentence investigation, and all the principles of sentencing under Ohio Law 2929.11, and has balanced the seriousness and recidivism factors under 2929.12, and finds that the appropriate sanction obviously is prison." After merging the appropriate counts, the judge imposed the following prison terms:  twelve months for grand theft, three years for aggravated robbery plus three years for the gun specification, three years for the second aggravated robbery plus three years for the gun specification,

twenty-four months for failure to comply with an order from a police officer, and twelve months for leaving the leaving the scene of a crime.

{¶7} The judge found that all sentences would be served consecutively, except for the twelve-month sentence for the leaving the scene of a crime, for an aggregate sentence of fifteen years. The judge found that

> the consecutive sentences are necessary to protect the public from future crime and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of [Appellant's] conduct as described in the record, and the danger he poses to the public, and that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed were so great or unusual that no single prison term for any of the offenses committed as part of the any cause of conduct adequately reflects the seriousness of [Appellant's] conduct.

{¶8} Appellant now appeals, asserting two assignments of error.

## ASSIGNMENTS OF ERROR

I.     APPELLANT'S CONVICTION FOR GRAND THEFT, TWO COUNTS OF AGGRAVATED ROBBERY, BOTH WITH FIREARM SPECIFICATIONS, FAILURE TO COMPLY, AND LEAVING THE SCENE OF A CRIME WERE CONTRARY TO THE PROVISIONS OF R.C. 2929.11 AND R.C. 2929.12

II.    APPELLANT'S COUNSEL RENDERED INEFFECTIVE
       ASSISTANCE OF COUNSEL DURING THE CHANGE OF PLEA
       AND SENTENCING

ASSIGNMENT OF ERROR I

**{¶9}** Appellant argues that the trial court failed to adequately consider the purposes and principals identified in R.C. 2929.11 and failed to give proper weight to the seriousness and recidivism factors in R.C. 2929.12.  Appellant argues that the nine-year, nine-month sentence that he proposed would adequately punish and deter him from engaging in similar conduct upon his release.  He also asserts that spending more time incarcerated than his proposed nine-year sentence would be an unnecessary expense of public resources.  Appellant also argues that his conduct did not satisfy the first, third, fourth or fifth of the ten factors listed in R.C. 2929.12(B) in regard to the ten enumerated factors that may make a defendant's conduct more serious than usual similar conduct.  Appellant further argues that while he committed "serious crimes," his "conduct was not so outrageous" that he should have been sentenced to fifteen years in prison.  Therefore, Appellant argues that his sentence is "clearly and convincingly contrary to law," and urges this court to impose a new sentence or remand his case to trial court for a new sentence.

**{¶10}** In response, the State argues that the judge stated on the record that he considered the factors in R.C. 2929.11 and R.C. 2929.12, he imposed sentences that were within the statutory range permitted, and he properly informed Appellant of post release control.  The State argues that it is the trial court's responsibility to balance the particular statutory factors, not the

Appellant's. The State further argues that the trial court considered the evidence and Appellant's presentence investigation, and noted that Appellant led officers in a dangerous high-speed chase that resulted in a collision, and Appellant fleeing on foot until officers arrested him.

{¶11} Based on that statutory framework, the evidence, and the trial court's findings, the State argues that there is no clear and convincing evidence that Appellant's sentence is not supported by the record. Therefore, the State argues we should overrule Appellant's first assignment of error.

LAW

1.  Standard of Review for Sentences

{¶12} A reviewing court may modify or vacate a felony sentence only "if the court clearly and convincingly finds either that 'the record does not support the sentencing court's findings' under the specified statutory provisions or 'the sentence is otherwise contrary to law.' " *State v. Taylor*, 4th Dist. Lawrence No. 15CA12, 2016-Ohio-2781, ¶ 40, quoting *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.  Clear and convincing evidence is that measure or degree of proof  * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Marcum*, 146 Ohio St. 3d 516, ¶ 22, citing *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.  " 'This is a very deferential standard of review." *State v. Ray*, 4th Dist. No. 2018-Ohio-3293, ¶ 11, quoting *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017–Ohio–217, ¶ 7.

{¶13} Unlike other felony sentencing statutes, such as R.C. 2929.14(C)(4), which require a trial court to make certain "findings" before imposing consecutive sentences, a trial court is required only to "carefully consider" the factors in R.C. 2929.11 and R.C. 2929.12 when imposing sentence, and is not required to make any "findings," or state "reasons" regarding those considerations.  *State v. Mathis*, 109 Ohio St. 3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38; *State v. Kulchar*, 4th Dist. Athens No. 10CA6, 2015-Ohio-3703, ¶ 47.  And on review, "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."  *State v. Jones*, ___OhioSt.3d ___, 2020-Ohio-6729, ___N.E.3d ___, ¶ 39.

{¶14} " '[A] sentence is generally not contrary to law if the trial court considered the R.C. 2929.11 purposes and principles of sentencing as well as the R.C. 2929.12 seriousness and recidivism factors, properly applied post [-] release control, and imposed a sentence within the statutory range.' " *State v. Perry*, 4th Dist. Pike No. 16CA863, 2017-Ohio-69, ¶ 21, quoting *State v. Brewer,* 2014-Ohio-1903, 11 N.E.3d 317, ¶ 38 (4th Dist.).

2.  R.C. 2929.11 and 2929.12

{¶15} R.C. 2929.11 states that the purpose of felony sentencing "is to protect the public from future crime and to punish the offender using the minimum sanctions to accomplish those purposes without imposing an unnecessary burden on state or local government resources."  *State v. Watson*, 4th Dist. Meigs Nos. 18CA20 & 18CA21, 2019-Ohio-4385, ¶ 12.  " 'To achieve

those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.' " *Id.*, quoting R.C. 2929.11.

**{¶16}** "R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses." *Id*, citing *Sawyer*, 4th Dist. Meigs No. 16CA2, 2017-Ohio-1433, ¶ 17, *State v. Lister*, 4th Dist. Pickaway No. 13CA15, 2014-Ohio-1405, ¶ 15. "Simply because the court did not balance the factors in the manner appellant desires does not mean that the court failed to consider them, or that clear and convincing evidence shows that the court's findings are not supported by the record." *State v. Butcher*, 4th Dist. Athens No. 15CA33, 2017-Ohio-1544, ¶ 87.

### ANALYSIS

**{¶17}** At sentencing, the judge stated that he: "considered the presentencing investigation, and all the principles of sentencing under Ohio Law 2929.11, and has balanced the seriousness and recidivism factors under 2929.12, and finds that the appropriate sanction obviously is prison." "These statements all demonstrate that the trial considered R.C. 2929.11 and 2929.12 as required." *State v. Torres*, 6th Dist. Ottowa No. OT-18-008, 2019-Ohio-434, ¶ 13, citing *State v. Kilgour*, 3d Dist. Marion Nos. 9-16-04, 9-16-05, 2016-Ohio-7261, ¶ 14 (finding that similar language used by trial court demonstrated that it properly considered R.C. 2929.11 and 2929.12). Because the trial court

considered the principals and purposes of sentencing under R.C. 2929.11 and balanced the factors in R.C. 2929.12, Appellant's sentence was not contrary to law. *Perry*, 4th Dist. Pike No. 16CA863, 2017-Ohio-69, ¶ 21.

**{¶18}** Appellant makes various arguments as to why his offenses, while serious, do not merit a fifteen-year sentence. For example, he alleges that his conduct did not satisfy the first, third, fourth or fifth of the ten factors listed in R.C. 2929.12(B) in regard to the ten enumerated factors that may make a defendant's conduct more serious than usual similar conduct, or that he did not "brandish" the firearm that he stole. At best, we find Appellant's arguments are a mere disagreement with the court's balancing of the statutory factors, which is not enough to show that the sentence is clearly and convincingly not supported by record. See *Butcher*, 4th Dist. Athens No. 15CA33, 2017-Ohio-1544, ¶ 87.

**{¶19}** In sum, under the Supreme Court's decision in *Jones*, a reviewing court no longer needs to determine whether a trial court's consideration of the factors in R.C. 2929.11 and 2929.12 are supported in the record. The court's consideration of the factors enumerated in these statutes is sufficient. Accordingly, Appellant's sentence is not contrary to law because the trial court properly considered the principals and purposes of felony sentencing in R.C. 2929.11 and the factors in R.C. 2929.12, in deciding to sentence Appellant to prison. Therefore, we overrule Appellant's first assignment of error.

ASSIGNMENT OF ERROR II

{¶20} In his second assignment of error, Appellant alleges that his counsel rendered ineffective assistance of counsel during the change of plea and sentencing.

LAW

{¶21} To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Turner*, 4th Dist. Jackson No. 19CA4, 2019-Ohio-5470, citing *State v. Wilson,* 4th Dist. Lawrence No. 18CA15, 2019-Ohio-2754, at ¶ 25, *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113.  "In employing this standard "we apply a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *State v. Day*, 4th Dist. Adams No. 19CA1085, 2019-Ohio-4816, ¶ 27.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

ANALYSIS

{¶22} With regard to the plea hearing, Appellant "wishes" he had not been placed in contact with his father before his change of plea hearing and his

counsel facilitated the contact.  Appellant also argues that his counsel did not anticipate that Appellant would receive such a severe sentence, but admits no such concern appears anywhere in the record.  Finally, Appellant alleges that his counsel did not make all the possible oral arguments in support of a lesser sentence that he could have made at sentencing.

{¶23} With regard to his plea, Appellant does not argue how meeting his father prior to accepting his plea deal was deficient representation by his counsel, let alone how it prejudiced him.  Similarly, even assuming that Appellant's counsel did not anticipate a lengthy sentence, "generally, " ' 'an attorney's advice to take a plea deal is not ineffective assistance of counsel.' ' " *State v. Howard*, 4th Dist. No. 16CA3762, 2017-Ohio-9392, 103 N.E.3d 108, ¶ 30, quoting *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, quoting *State v. Shugart*, 7th Dist. Mahoning No. 08MA238, 2009-Ohio-6807, ¶ 37. Moreover, the trial judge had informed Appellant at the plea hearing of the maximum sentence that Appellant could receive on each count.  Therefore, we find no deficient performance by Appellant's counsel at the plea hearing.

{¶24} With regard to the sentencing hearing, even if Appellant's counsel did not *orally* make all the available arguments in favor of a lesser sentence, Appellant admitted that his counsel filed a sentencing brief.  Therefore, Appellant's arguments were before the trial judge prior to sentencing, even if they were not raised orally at sentencing.  Consequently, we also find no deficient performance by Appellant's counsel at the sentencing hearing.  Accordingly, we

overrule Appellant's second assignment of error.

CONCLUSION

{¶25} Having overruled both of Appellant's assignments of error, we affirm

the trial court's judgment.

**JUDGMENT AFFIRMED**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY:

_____
Kristy S. Wilkin, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**