[Cite as *State v. Rothwell*, 2021-Ohio-1700.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 20CA1122 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Robert Rothwell, Jr., | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 05/10/2021** |

_____
APPEARANCES:

David Kelley, Adams County Prosecuting Attorney, and Mark R. Weaver, Assistant Adams County Prosecutor, West Union, Ohio, for Appellee.

Tyler Cantrell, West Union, Ohio, for Appellant.
_____

Wilkin, J.

{¶1} Appellant, Robert Rothwell, Jr., pleaded guilty to involuntary manslaughter in the Adams County Court of Common Pleas.  The trial court imposed the maximum indefinite prison sentence of 11 years to 16 and one-half years.  Rothwell now appeals and in his sole assignment of error challenges his sentence as being improper because the trial court failed to state any findings before imposing the maximum indefinite prison term.

{¶2} We reject Rothwell's argument and affirm his sentence.  Contrary to his assertion, a trial court is not required to make specific findings before imposing the maximum sentence.  The trial court was required to consider R.C. 2929.11 and R.C. 2929.12, which it did.

FACTS AND PROCEDURAL BACKGROUND

{¶3} Rothwell was indicted of committing the offenses of murder, endangering children and involuntary manslaughter after his two-year-old son, B.R., got a hold of the heroin in Rothwell's pocket and ingested it. The matter did not proceed to a jury trial because Rothwell and the state reached a plea agreement. In exchange for dismissing the murder and endangering children charges, Rothwell pleaded guilty to involuntary manslaughter. The plea agreement did not include any promise as to sentence. Rather, it specified that each party is free to argue for the appropriate prison term at the sentencing hearing.

{¶4} A change of plea hearing was held on July 31, 2021. At the conclusion of the plea hearing, the trial court took a short recess so that both parties had the opportunity to review parts of the presentence investigative report. After the recess, the trial court proceeded to sentencing. Before imposing sentence, the trial court stated on the record that it "considered the principles and purposes of sentencing under Ohio [sic] revised code section 2929.11(a)," and "[l]astly, balancing the seriousness and recidivism factors under 2929.12."

{¶5} Rothwell was then sentenced to the maximum prison term after the trial court again considered the sentencing provisions in R.C. 2929.11 and R.C. 2929.12:

> The sentencing guidelines set forth that the court is to protect the public for future crime by the offender and others. And which means that there has to be, there has to be a line in the sand that if you're going to do these things, this, these are the

punishments.  I don't disagree that no one could punish Mr. Rothwell more than he's punished himself for the loss of his son.  But these drugs and the last statements that I read his desire to go home is completely indicative of the inability to be a parent that they lose all sight.  Even in the, in the proximity of a death of a child, they still have this [inaudible] approach of what it takes to be a mother or a father.

The efforts to conceal the actions is understandable.  That would be what most people would try to do to diminish a criminal act.  So, it is mandatory prison sentence and without an after due consideration and the court having considered the recidivism as well.  In consideration of the recidivism factors, the court notes that the, whether this offense was committed while on bail awaiting sentence, on community control under post-release control after post-release control was on favorably terminated.  This case occurred while the defendant was on community control with the Adams County Adult Probation Department.  Whether the defendant has a history of criminal convictions or juvenile, juvenile delinquency adjudications, he has the one prior misdemeanor criminal conviction, and the court recognizes while not heinous, there is a conviction. Whether he's not responded favorably to sanctions previously imposed on adult or juvenile court.  Uh, his community control was previously revoked and that he's been serving, uh, the, uh, incarceration since June 20th, for that revocation.  Whether he shows a pattern of alcohol and drug use related to the offense and does acknowledge it or refuse treatment, he has never sought formal treatment.  Whether he shows any genuine remorse for the offense, obviously, um, I'm sure it, it would be disingenuous for me to suggest the pain that Mr. Rothwell feels for his son, but, uh, based upon that evidence provides the court, uh, there's not a display of genuine remorse in the, in the matter.

So, after due consideration, the court finds, of course, it's a mandatory prison term, that the defendant is not amenable to available community control.  It's without question that my worst fear presiding as a judge was this day.  Was when a two-year-old due to the ongoing chase of pleasure by a parent would die.  Is therefore ordered that the defendant shall serve and indefinite prison term of the maximum of 11 to 16 and a half years [inaudible].

{¶6} The trial court concluded the sentencing hearing by stating this was

"the most heinous and egregious outcome of any case that the court has

presided over." The trial court reiterated "there was no less sentence that would, uh, adequately punish the defendant for this offense."

ASSIGNMENT OF ERROR

THE COURT ERRED IN SENTENCING THE DEFENDANT TO
THE MAXIMUM ALLOWABLE SENTENCE.

{¶7} Rothwell argues that the imposition of the maximum prison term was unwarranted because the trial court failed to state its reasoning for imposing his sentence or consider the appropriate factors. In response, the state maintains that Rothwell's sentence is lawful since it is within the statutory sentencing range, and the trial court considered the applicable statutory provisions R.C. 2929.11 and R.C. 2929.12. According to the state, the trial court discussed at length the factors in both provisions, including Rothwell's recent misdemeanor conviction and his failure to seek formal treatment for his drug addiction.

{¶8} "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specific statutory provisions." *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 28. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1957), paragraph three of the syllabus.

**{¶9}** The only provisions listed in R.C. 2953.08(G)(2)(a), however, are R.C. 2929.13(B) and (D), R.C. 2929.14(B)(2)(E) and (C)(4), and R.C. 2929.20(I). *See Jones* at ¶ 28.  As such, the Supreme Court reiterated that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."  *Jones* at ¶ 39.  We recently echoed that "a trial court is required only to 'carefully consider' the factors in R.C. 2929.11 and R.C. 2929.12 when imposing sentence, and is not required to make any 'findings,' or state 'reasons' regarding those considerations."  *State v. Allen*, 4th Dist. Pickaway No. 19CA31, 2021-Ohio-648, ¶ 13, citing *State v. Mathis*, 109 Ohio St. 3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38; *State v. Kulchar*, 4th Dist. Athens No. 10CA6, 2015-Ohio-3703, ¶ 47.

**{¶10}** Similarly, "maximum sentences do not require specific findings." *State v. Lister*, 4th Dist. Pickaway No. 13CA15, 2014-Ohio-1405, ¶ 10, citing *State v. White*, 1st Dist. Hamilton No. 130114, 2013-Ohio-4225, ¶ 7-8. Therefore, Rothwell's argument that the trial court failed to make specific findings before imposing his maximum sentence is summarily rejected since there is no legal basis for such a requirement.  We also reject any innuendo claim that the trial court failed to consider R.C. 2929.11 and R.C. 2929.12 or that his sentence is contrary to law because such assertions are contradicted by the record of the case.

**{¶11}** "[A] sentence is not clearly and convincingly contrary to law when the trial court considered the purposes and principles set forth in R.C. 2929.11,

as well as the factors listed in R.C. 2929.12, properly applies post release

control, and sentences within the permissible statutory range." *State v. Lee*, 4th

Dist. Washington No. 13CA42, 2014-Ohio-4898, ¶ 9, citing *State v. Lee*, 12th

Dist. Butler No. CA2012-09-182, 2013-Ohio-3404, ¶ 10.  R.C. 2929.11(A) and (B)

provide:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

> (B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

The relevant provisions in R.C. 2929.12 state:

> (A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that

are relevant to achieving those purposes and principles of sentencing.

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

* * *

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.
(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender

refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
(5) The offender shows no genuine remorse for the offense.

R.C. 2929.12 (A), (B) and (D).

**{¶12}** Before imposing Rothwell's maximum prison term, the trial court stated at the sentencing hearing that it considered R.C. 2929.11 and R.C. 2929.12, and even went beyond and specified the factors that applied to Rothwell's conduct and criminal record.  Specifically, the trial court found that Rothwell more than punished himself for the loss of his son, but at the same time, his use of drugs resulted in his inability to be a parent.  The court went on and remarked that Rothwell was on community control at the time of the offense and that his community control was previously revoked.  Further, Rothwell has a prior misdemeanor criminal conviction, did not seek formal treatment for his drug addiction and failed to display genuine remorse.

**{¶13}** In addition to considering R.C. 2929.11 and R.C. 2929.12 at the sentencing hearing, the trial court incorporated its consideration in the judgment entry of conviction:

> The Court has considered the record, oral statements, any victim impact statements and presentence report prepared, as well as the principal and purposes of sentencing under Ohio Revised Code Section 2929.11(A)[.] * * * To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both, and has balanced the seriousness and recidivism factors of ORC 2929.12.

**{¶14}** Moreover, Rothwell's prison term was within the sentencing range and he was properly advised of post-release control.  Rothwell pleaded guilty to

involuntary manslaughter, a first-degree felony.  R.C. 2903.04(C).  Rothwell's

sentence is a mandatory prison term with an imprisonment range of: "an

indefinite prison term with a stated minimum term selected by the court of three,

four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is

determined pursuant to section 2929.144 of the Revised Code[.]"  R.C.

2903.04(D)(2); R.C. 2929.14(A)(1)(a).  Rothwell pleaded guilty to only one first-

degree felony offense, thus, his maximum indefinite prison term "shall be equal to

the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of

section 2929.14 of the Revised Code plus fifty percent of that term."  R.C.

2929.144(B)(1).

{¶15} The trial court sentenced Rothwell to 11 years and based on R.C.

2929.14(A)(1)(a) and R.C. 2929.144, the sentence is indefinite with an added 5

and one-half years.  Thus, Rothwell's maximum sentence of 11 years to 16 and

one-half years is within the statutory range.  Rothwell was also advised of the

mandatory five-year post-release control at the sentencing hearing and the

notification was incorporated in the judgment entry.

{¶16} Therefore, we find no error in Rothwell's sentence and reject his

arguments.

CONCLUSION

{¶17} Having overruled Rothwell's assignment of error, we affirm the trial

court's judgment entry of conviction and his sentence.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.: Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**