[Cite as *State v. Walker*, 2021-Ohio-2693.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 20CA24 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| Christopher A. Walker, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 08/02/2021** |
| | : | |
| | : | |

_____

<u>APPEARANCES:</u>

Eric J. Allen, Columbus, Ohio, for Appellant.

Nicole T. Coil, Washington County Prosecutor, and Joseph P. Derkin, Assistant Washington County Prosecutor, Marietta, Ohio, for Appellee.

_____

Wilkin, J.

{¶1} This is an appeal from a Washington County Court of Common Pleas judgment entry that sentenced appellant, Christopher A. Walker, to an indefinite prison term of six to nine years after pleading guilty to four criminal counts, including illegal use of a minor in nudity-oriented material or performance and pandering sexually oriented matter involving a minor.  Appellant asserts two assignments of error: (1) the trial court erred in sentencing appellant to a term of six years imprisonment and (2) as amended by the Reagan Tokes Act, sentences for qualifying first-and second-degree felonies violate the state and federal constitutions separation of powers clauses.  After our review of

appellant's arguments, the record, and the applicable law, we overrule appellant's assignments of error and affirm the trial court's sentencing entry.

BACKGROUND

{¶2} On April 30, 2020, the state charged appellant with illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1) and (B), a second-degree felony; and three counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1) and (C), which are second-degree felonies, with specifications that various devices on which the illegal material was found were subject to forfeiture. Appellant pled not guilty. However, on July 13, 2020, the trial court held a change-of-plea hearing. After a Crim.R. 11 colloquy with the appellant, including notice that he could be subject to an indefinite prison term under the Reagan Tokes Act, the trial court accepted appellant's guilty plea. On July 13, 2020, the trial court issued a change-of-plea judgment entry that accepted appellant's guilty plea and set sentencing for September 4, 2020.

{¶3} At the September sentencing hearing, the trial court considered appellant's sentence for the offenses that he pleaded guilty to herein, as well as for a community control violation in case no. 18CR414, for unlawful possession of a dangerous ordnance. Pursuant to a stipulation between the parties, the court found that appellant had violated his community control in case 18CR414, and the court imposed an 11-month prison term with 262 days of jail time credit.

{¶4} The trial court then proceeded to sentence appellant for the four criminal counts in the instant case. After hearing arguments from both parties,

the court stated that appellant's "offense is more serious than the norm, because of the physical or mental injury suffered by the victims of pornography, due to the conduct of the [appellant] was exacerbated by the age of the victims. They're children." The court also expressed concern that appellant acquired the "pornography" herein while on community control. The court further noted appellant's prior criminal history, which included a "drug offense" and a felony.

{¶5} In determining the proper sentence, the court weighed "the seriousness and recidivism factors" and "considered the overriding purposes of felony sentencing – that's to protect the public from future crime by the [appellant] and others and to punish the [appellant]" by using the minimum sanctions to achieve that purpose without unnecessarily burdening the government. The court further considered the need to incapacitate and rehabilitate appellant, as well as deter him from committing future crime. Finally, the court again "mention[ed]" that appellant committed these offenses while under community control, and that he has a "raging drug problem." Consistent with the Reagan Tokes Act, the trial court imposed a prison term for each count of 6 to 9 years with each sentence to run concurrently to the others, and concurrent to the 11-month sentence in case 18CR414, for an aggregate prison term of 6 to 9 years. At the end of the hearing, appellant's counsel objected, arguing that appellant's sentence was unconstitutional because the Reagan Tokes Act violates the Separation of Powers Doctrine. The trial court noted the objection, but did not sustain it.

{¶6} Thereafter the trial court issued a sentencing entry consistent with what the court imposed at the hearing, i.e. an aggregate prison sentence of a minimum of six years to a maximum of nine years in prison.  It is this entry that is the subject of appellant's appeal.

## ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A TERM OF SIX YEARS IMPRISONMENT

II.     AS AMENDED BY THE REAGAN TOKES ACT, SENTENCING FOR QUALIFYING FIRST- AND SECOND-DEGREE FELONIES VIOLATES THE STATE AND FEDERAL CONSTITUTIONS SEPERATION OF POWERS CLAUSES

## ASSIGNMENT OF ERROR I

{¶7} Appellant argues that the trial court erred in sentencing him to prison, as opposed to an alternate sanction.  He maintains that all his criminal conduct emanates from his drug use.  He then theorizes that due to the lack of funding and availability, he will not receive treatment for his drug addiction while in prison.  Without treatment, he asserts that he will relapse into addiction, and resume his criminal ways when released from prison.

{¶8} In response, the state argues that appellant's sentence was within the range of prison terms for a second-degree felony, and is not contrary to law. Therefore, the appellant's sentence should be affirmed.

### Law and Analysis

A.  Felony Sentencing Under R.C. 2929.11 and 2929.12

{¶9} Unlike some other felony sentencing statutes that require a trial court to make certain "findings" in support of a particular sentence (e.g., R.C.

2929.14(C) requires a trial court to make certain findings before imposing

consecutive sentences), "a trial court is required to only 'carefully consider' the

factors in R.C. 2929.11 and R.C. 2929.12 when imposing sentence." *State v.*

*Allen*, 4th Dist. Pickaway No. 19CA031, 2021-Ohio-648, ¶13 citing State *v.*

*Mathis*, 109 Ohio St. 3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. And " '[s]imply

because the court did not balance the factors in the manner appellant desires

does not mean that the court failed to consider them.' " *Id.* at 16, quoting *State v.*

*Butcher*, 4th Dist. Athens No. 15CA33, 2017-Ohio-1544, ¶ 87.

B. Review of a Felony Sentence Under R.C. 2929.11 and 2929.12

**{¶10}** "When reviewing felony sentences, appellate courts must apply the

standard of review set forth in R.C. 2953.08(G)(2)." *State v. Graham,* 4th

Dist. Adams No. 17CA1046, 2018-Ohio-1277, ¶ 13, citing *State v.*

*Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 22-23.

> R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

*State v. Jordan*, 4th Dist. Adams No. 19CA1105, 2020-Ohio-3928, ¶ 7, quoting
R.C. 2953.08(G)(2).

*Marcum* elaborated:

> [S]ome sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11

and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Marcum* at ¶ 23

{¶11} "Clear and convincing evidence is 'that measure or degree of proof which * * * 'will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.  " 'This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings.' " *State v. Ray*, 2nd Dist. Champaign No. 2017-CA-33, 2018-Ohio-3293, ¶ 11, quoting *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 7.

{¶12} Some courts, including the Eighth District Court of Appeals, concluded that the language in *Marcum* at paragraph 23 permitted a reviewing court to modify or vacate a "sentence and remand the matter * * * for re-sentencing if the record does not support the sentencing court's findings under * * * R.C. 2929.11 and 2929.12." *See State v. Jones*, 2018-Ohio-498, 105 N.E.3d 702 (8th Dist.), ¶ 5, 6.  However, recently, the Supreme Court clarified that the language relied upon in *Marcum* for that proposition was mere dicta.  *State v. Jones*,  --- Ohio St.3d ---, 2020-Ohio-6729, --- N.E.3d ---, 2020 WL 7409669, ¶

27. *Jones* "explained that 'R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12 because * * * R.C. 2929.11 and 2929.12 are not among the statutes listed in the provision.' " *State v. Loy*, 4th Dist. Washington No. 19CA21, 2021-Ohio-403, ¶ 28, quoting *Jones* at ¶ 31. *Jones* "also explained: 'When we consider the evolution of R.C. 2953.08(G), it is evident that an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is "otherwise contrary to law" as that term is used in R.C. 2953.08(G)(2)(b).' " *Id.* quoting *Jones* at ¶ 34. In sum, *Jones* concluded that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶13} In the case at hand, it is not entirely clear whether appellant is arguing that the trial court improperly balanced the factors in R.C. 2929.11 and 2919.12 by imposing a prison term instead of a drug treatment program, or that his sentence was not supported by the record. Either way, his argument lacks merit.

{¶14} Based on the transcript of the sentencing hearing, it is clear that the trial court "carefully consider[ed]" the factors in R.C. 2929.11 and 2929.12 in deciding to impose the six to nine-year prison sentence because the court discussed the seriousness of the offenses, harm to the victims, the need to

punish appellant, the need to protect the public, the need to deter appellant from committing future crimes, the need to incapacitate and rehabilitate appellant, etc. *See Allen*, 4th Dist. Pickaway No. 19CA031, 2021-Ohio-648 at ¶13. And under the *Jones'* recent clarification of *Marcum*, we have no authority to determine whether the trial court's consideration of the factors in R.C. 2929.11 and 2929.12 are supported by the record. Finally, appellant's six to nine year prison term for these offenses is within the range of those permitted for felonies of the second degree. *See* R.C. 2929.14(A)(2)(a) and R.C. 2929.144(B)(1). Therefore, we find that appellant's sentence is not clearly and convincingly contrary to law because " 'the trial court considered the purposes and principles set forth in R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applie[d] post release control, and [appellant's] sentences are within the permissible statutory range.' " *State v. Rothwell*, 4th Dist. Adams No. 2021-Ohio-1700, ¶ 11, quoting *State v. Lee*, 4th Dist. Washington No. 13CA42, 2014-Ohio-4898, ¶ 9. Accordingly, we overrule appellant's first assignment of error.

ASSIGNMENT OF ERROR II

{¶15} Appellant claims that his indeterminate prison sentence imposed under the Reagan Tokes Act is unconstitutional. He contends that the Reagan Tokes Act violates the Separation of Powers Doctrine, and cites *Bray v. Russell*, 89 Ohio St.3d 132, 2000-Ohio-116, 729 N.E.2d 359 in support. Appellant asserts that just as in *Bray*, the Reagan Tokes Act permits the Ohio Department of Corrections to make decisions that affect an inmates' release date from prison that are actions reserved solely for the judicial branch. Therefore, appellant

argues that we should reverse his prison sentence imposed for his convictions herein.

{¶16} In response, the state argues that the Reagan Tokes Act is constitutional. The state contends that *Bray* is distinguishable from the Reagan Tokes Act in that under *Bray* the parole board could "extend the sentence imposed by the judge[,]" while Reagan Tokes only permits the department of correction to prevent an early release from a maximum sentence that was imposed by a judge.

{¶17} The state further claims that appellant waived this argument by pleading guilty, citing *State v. Hardie*, 4th Dist. Washington No. 14CA24, 2015-Ohio-1611 in support. The state asserts that the trial court made appellant aware prior to sentencing that the Reagan Tokes Act could apply, and, despite this, appellant proceeded with his guilty plea. Therefore, the state argues that we should overrule appellant's second assignment of error.

Law and Analysis

1. Sentencing Under the Reagan Tokes Act

{¶18} "Senate Bill 201, commonly known as the Reagan Tokes Act, became effective on March 22, 2019. The statute [,R.C. 2929.144,] returns an indefinite sentencing scheme to Ohio for certain qualifying offenses." *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 2.

> The Reagan Tokes Law requires that a court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a) for a first or second-degree felony committed on or after March 22, 2019, impose a minimum prison term under that provision and a maximum prison term determined under R.C. 2929.144(B). R.C. 2929.144(C). There is a presumption that the offender "shall be released from

service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). A presumptive earned early release date is a date determined under procedures described in R.C. 2967.271(F) which allow the sentencing court to reduce the minimum prison term under certain circumstances. R.C. 2967.271(A)(2). The ODRC may rebut the presumption if it determines at a hearing that one or more statutorily numerated factors applies. R.C. 2967.271(C). If ODRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, determined and specified by ODRC, that "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

*State v. Halfhill*, 4th Dist. Meigs No. 20CA7, 2021-Ohio-177, ¶ 8.

### 2. Constitutional Review

**{¶19}** "The constitutionality of a statute presents a question of law we review de novo." *Id.*, at ¶ 11, citing *Hayslip v. Hanshaw*, 2016-Ohio-3339, 54 N.E.3d 1272, ¶ 27 (4th Dist.). "However, '[i]t is well settled that this court will not reach constitutional issues unless absolutely necessary.' " *Id.*, citing *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9. Ripeness is a perquisite to deciding the merits of a constitutional challenge. *See State v. Ramey*, 4th Dist. Washington Nos. 20CA1 and 20CA2, 2020-Ohio-6733, ¶ 20. " 'Ripeness 'is peculiarly a question of timing.' " *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89, 1998-Ohio-366, 694 N.E.2d 459, quoting *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974). Generally, "[a] claim is not ripe for adjudication if it rests upon ' "contingent future events that may not occur as anticipated, or indeed may not occur at all." ' " *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 40 (1998), quoting *Thomas v. Union Carbide Agricultural Products*

*Co.,* 473 U.S. 568, 580–581, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985), quoting

13A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice

and Procedure § 3532, p. 112 (1984). " 'The basic principle of ripeness may be

derived from the conclusion that "judicial machinery should be conserved for

problems which are real or present and imminent, not squandered on problems

which are abstract or hypothetical or remote." ' " *Elyria Foundry Co.* at 89,

quoting Comment, Mootness and Ripeness: The Postman Always Rings Twice

(1965), 65 Colum. L.Rev. 867, 876.

{¶20} This court has repeatedly held that the constitutionality of Reagan-

Tokes sentencing is not yet ripe because on direct appeal an appellant has yet to

serve his or her minimum prison term, which is the first instance in which the

department of corrections could take any action that affects the length of

appellant's incarceration. *See Ramey* at ¶ 2, *Halfhill* at ¶ 2, and *State v. Hearn*,

4th Dist. Washington No. 20CA7, 2021-Ohio-594, at ¶ 33, 34.  Appellant herein

has not yet served his six-year minimum prison sentence.  Therefore, consistent

with our prior decisions, we find appellant's constitutional challenge is not ripe for

review.  Accordingly, we overrule his second assignment of error.

CONCLUSION

{¶21} Having overruled both of appellant's assignments of error, we affirm

the trial court's sentencing entry.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:    _____
       Kristy S. Wilkin, Judge

### **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**